IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| KEVIN EMANUEL JACKSON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-06-0883 |
| | § | |
| DOUG DRETKE, Director, | § | |
| Texas Department of Criminal Justice - | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |

**MEMORANDUM AND ORDER**

Inmate Kevin Emanual Jackson has filed a petition under 28 U.S.C. § 2254, seeking a federal writ of habeas corpus to challenge a state court conviction. After reviewing the pleadings in accordance with Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, the Court concludes that the petition must be **dismissed** because it is apparent that the petitioner has failed to exhaust available state court remedies.

**I.   BACKGROUND**

Jackson reports that he is presently in custody as the result of a judgment of conviction entered against him in the 208th District Court of Harris County, Texas, on December 3, 2004, in cause number 997932. Jackson pled guilty in that case to charges of assault on a public servant. As a result, the trial court sentenced him to serve two years of imprisonment. At present, Jackson is apparently incarcerated at the Harris County Jail after he allegedly violated the terms and conditions of his parole.

Jackson executed the pending federal habeas corpus petition on March 1, 2006.

Jackson claims that he is entitled to federal habeas corpus relief from his conviction in cause number 997932 on the following grounds: (1) his guilty plea was not voluntary; (2) he was convicted in violation of his right to avoid self-incrimination; (3) the Sheriff's Department withheld favorable evidence; and (4) he was denied effective assistance of counsel. Because the Texas Court of Criminal Appeals has not yet ruled on Jackson's claims, it appears evident that his federal habeas corpus petition must be dismissed as unexhausted for reasons discussed further below.

## II.    EXHAUSTION OF REMEDIES

The federal habeas corpus statutes, codified as amended at 28 U.S.C. § 2254(b) and (c), provide that relief "shall not be granted" unless the applicant "has exhausted the remedies available in the courts of the State[.]" Thus, a petitioner "must exhaust all available state remedies before he may obtain federal habeas corpus relief." *Sones v. Hargett*, 61 F.3d 410, 414 (5th Cir. 1995). Exceptions exist only where there is an absence of available State corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. 28 U.S.C. § 2254(b). The doctrine of exhaustion reflects a policy of federal/state comity. *See Coleman v. Thompson*, 501 U.S. 722, 730-31 (1991). Exhaustion of state remedies is so important that federal courts may raise a petitioner's failure to exhaust *sua sponte*. *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001), *cert. denied*, 534 U.S. 1164 (2002).

To exhaust his state remedies under the applicable statutory framework, a habeas petitioner must fairly present the substance of his claim to the state courts. *See Finley v.*

*Johnson*, 243 F.3d 215, 219 (5th Cir. 2000) (citing *Picard v. Connor*, 404 U.S. 270, 275-76 (1971)); *see also Baldwin v. Reese*, 540 U.S. —, 124 S. Ct. 1347, 1351 (2004). In Texas, exhaustion may take one of two paths: (1) the petitioner may file a direct appeal followed, if necessary, by a petition for discretionary review in the Texas Court of Criminal Appeals, or (2) he may file a petition for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure in the convicting court, which is transmitted to the Texas Court of Criminal Appeals once the trial court determines whether findings are necessary. *See* TEX. CODE CRIM. PROC. art. 11.07 § 3(c); *see also Myers v. Collins*, 919 F.2d 1074, 1076 (5th Cir. 1990) (discussing the paths of exhaustion in Texas).

According to the petition, Jackson did not pursue a direct appeal from his conviction. Although he allegedly filed a motion to withdraw the guilty plea, this motion apparently was not ruled upon. Jackson contends that, on an unspecified date in 2005, he submitted an application for state habeas corpus review under Article 11.07 of the Texas Code of Criminal Procedure. Jackson concedes, however, that he has not received a final ruling on that application from the Texas Court of Criminal Appeals. Thus, the pleadings confirm that the Texas Court of Criminal Appeals have not yet addressed the petitioner's claims.

Because it appears that state habeas corpus review remains available, the petitioner does not fit within an exception to the exhaustion doctrine. Under these circumstances, comity requires that the state courts have the first opportunity to review the petitioner's claims. Therefore, the pending petition must be dismissed for lack of exhaustion.

### III.     CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, — U.S. —, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would

4

find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). Because the exhaustion prerequisite to federal habeas corpus review is well established, the Court concludes that jurists of reason would not debate whether the procedural ruling in this case was correct. Accordingly, a certificate of appealability will not issue in this case.

## IV.   CONCLUSION AND ORDER

Because the petitioner has failed to exhaust his state remedies prior to seeking federal habeas corpus relief, the Court **ORDERS** as follows:

1. The petitioner's motion for leave to proceed *in forma pauperis* (Doc. #2) is **GRANTED**.

2. This proceeding is **DISMISSED** without prejudice for failure to exhaust.

3. A certificate of appealability is **DENIED**.

The Clerk will provide copies of this order to the parties.

SIGNED at Houston, Texas on **March 21, 2006.**

_____
Nancy F. Atlas
United States District Judge